## United States District Court, Northern District of Illinois

Minute Order Form (06/97)

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 6181 | **DATE** | 10/8/2002 |
| **CASE TITLE** | Frank Marusiak vs. Adjustable Clamp Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the plaintiff's objections to the 8/22/2002 order of Magistrate Judge Bobrick denying plaintiff's motion for recusal [89-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 9 2002 date docketed | 98 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge Bobrick | | |
| | | 02 OCT -9 PM 4: 15 | date mailed notice |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK MARUSIAK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADJUSTABLE CLAMP COMPANY, )<br>)<br>Defendant. ) | Judge Wayne R. Andersen<br><br>Case No. 01 C 6181 |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the plaintiff's objections to Magistrate Judge Edward Bobrick's August 22, 2002 Order denying plaintiff's motion for recusal. For the following reasons, the objections to the Magistrate Judge's order are denied.

## BACKGROUND

Plaintiff bases his motion for recusal upon a colloquy which occurred during a July 31, 2002 hearing before Magistrate Judge Bobrick. At this hearing on plaintiff's fifth motion to compel, Magistrate Judge Bobrick proceeded to give his opinions regarding defendant's good faith effort in attempting to make the invention. Magistrate Judge Bobrick expressed the opinion that "it's hard for me to believe that with that item that somebody can say Adjustable [the defendant] didn't put out a good effort on this case." The Magistrate Judge also expressed his opinion that the defendant's clamp "was a pretty handsome good looking clamp, there was an improvement–appeared to me to be an improvement on the [plaintiff's clamp]."

98

## DISCUSSION

Plaintiff filed his motion for recusal pursuant to 28 U.S.C. §§ 144 and 455(a) seeking recusal of Magistrate Judge Bobrick from further participation in these proceedings. Section 144 requires that: 1) a party file a timely and legally sufficient affidavit stating the facts and the reasons for the belief that bias or prejudice exists; and 2) a certificate of counsel of record must be filed stating that the affidavit is made in good faith.

In this case, the requirements of section 144 are not met. No affidavit from the plaintiff has been filed. This alone is a fatal defect which precludes any recusal based on Section 144. *See Pomeroy v. Meritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658-59 (5th Cir. 1985). The only affidavit filed in support of the motion is an attorney affidavit which contains conclusions and opinions. Therefore, the requirements of Section 144 have not been met.

The motion for recusal is also based upon 28 U.S.C. 455 (a) which provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

In this case, we find that a reasonable person could not perceive a significant risk that Magistate Judge Bobrick will resolve the case on a basis other than the merits. The Supreme Court has held that:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 552 (1994).

In this case, Magistrate Judge Bobrick's comments were based on what he saw and heard from the bench. There is no suggestion that his comments were based upon extrajudicial information or opinions. The comments do not, in any way, suggest or infer that Magistrate Judge Bobrick would not act impartially on the actual matters submitted to him, namely supervision of discovery and ruling on a motion for Rule 11 sanctions.

Moreover, the record in this case reveals that Magistrate Judge Bobrick has acted impartially. He has ruled on over twenty document requests which were the subject of plaintiff's third and fourth motion to compel. Those motions were granted in part and denied in part. Of the over twenty rulings, plaintiff has sought fit to appeal only one ruling.

In sum, we find that no reasonable person could perceive a significant risk that Magistrate Judge Bobrick will resolve this case on a basis other than the merits. We find that the ruling by Magistrate Judge Bobrick denying plaintiff's motion for recusal was proper. Therefore, plaintiff's objections to that order are denied.

## CONCLUSION

For the foregoing reasons, we deny the plaintiff's objections to the August 22, 2002 order of Magistrate Judge Bobrick denying plaintiff's motion for recusal. [89-1]

Wayne R. Andersen
United States District Judge

Dated: October 8, 2002