# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 6181 | **DATE** | 10/8/2002 |
| **CASE TITLE** | Frank Marusiak vs. Adjustable Clamp Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We deny plaintiff's objections to the portion of Magistrate Judge Bobrick's August 22, 2002 order [83-1] which denied plaintiff's fourth motion to compel document discovery.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 9 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 99 |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. Bobrick | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK MARUSIAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 6181 |
| v. | ) |
| | ) Wayne R. Andersen |
| ADJUSTABLE CLAMP COMPANY, | ) District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on plaintiff's objections to the portion of Magistrate Judge Bobrick's August 22, 2002 order which denies plaintiff's fourth motion to compel document discovery. For the following reasons, plaintiff's objections are denied.

## BACKGROUND

Plaintiff specifically objects to the ruling on Subpoena Document Request No. 7. This document called for:

> Copies of all agreements, assignments and/or licenses between Adjustable and any third parties related or pertaining to the rights of Adjustable to manufacture and sell patented or licensed products.

Written arguments were presented to Magistrate Judge Bobrick by plaintiff and defendant. Additionally, the matter was orally argued in open court before Magistrate Judge Bobrick. On August 22, 2002, Magistrate Judge Bobrick ruled on Subpoena Document Request No. 7 as follows:

> With respect to Subpoena Document Request No. 7, defendant is to produce all agreements, assignments and\or licenses between Adjustable and any third parties

99

relating to the rights of Adjustable to manufacture and sell clamps which were entered into during the period from January 1, 1991 through August 9, 2002.

## DISCUSSION

Magistrate Judge Bobrick's order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Seventh Circuit has explained the standard as follows:

> The district court's view of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: 'The district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous of contrary to law.'

Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. (Citations omitted).

In this case, Subpoena Document Request No. 7 is not limited on its face to any time or product type period whatsoever. As presented, it seeks agreements, assignments and/or licenses with any third parties related, or pertaining to, the rights of the defendant to manufacture and sell patented or licenses products which were entered into at any time during the defendant's one hundred year history. The deficiency in this Subpoena Document Request was remedied by Magistrate Judge Bobrick in his ruling by requiring the defendant to produce all agreements, assignments and/or licenses with any third parties relating to the manufacture and sale of clamps (of all types). Moreover, Magistrate Judge Bobrick also limited the document request to a period of eleven and one-half years.

We find that Subpoena Document Request No. 7 as presented by plaintiff was facially overly broad and unduly burdensome. While he would have been justified in denying plaintiff's motion to compel with respect to this document request in its entirety, Magistrate Judge Bobrick, after careful consideration of written and oral argument, modified that request by incorporating in it a reqsonable time period (11 ½ years) and a reasonable product description (all clamps). The defendant has responded to that document request as modified by Magistrate Judge Bobrick and produced all documents called for thereunder. We find that Magistrate Judge Bobrick's ruling was sound and proper and not "clearly erroneous or contrary to law."

## CONCLUSION

For the foregoing reasons, we deny plaintiff's objections to the portion of Magistrate Judge Bobrick's August 22, 2002 order which denied plaintiff's fourth motion to compel document discovery.

Wayne R. Andersen
United States District Judge

Dated: October 8, 2002