# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 6181 | **DATE** | 6/3/2003 |
| **CASE TITLE** | Frank Marusiak vs. Adjustable Clamp Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] We deny plaintiff's objection to Magistrate Judge Bobrick's November 13, 2002 order which denied plaintiff's motion to compel production of patent documents.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 5 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 161 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK MARUSIAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 6181 |
| v. ) | |
| ) | Wayne R. Andersen |
| ADJUSTABLE CLAMP COMPANY, ) | District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on plaintiff's objection to Magistrate Judge Bobrick's November 13, 2002 order which denied plaintiff's motion to compel production of patent documents pursuant to Fed.R.Civ.P. 37(a). For the following reasons, plaintiff's objection is denied.

## BACKGROUND

Plaintiff filed a motion to compel production of patent documents pursuant to Fed.R.Civ.P. 37(a) seeking to compel defendant to produce documents related to studies of the validity of the '820 patent that had been performed by defendant's patent attorney, Fred Lockwood, in April and July 1998. Plaintiff based his motion on the doctrine of implied waiver and the crime/fraud exception to the attorney-client privilege. Magistrate Judge Bobrick rejected plaintiff's arguments and denied the motion.

Plaintiff has filed an objection to Magistrate Judge Bobrick's order. In his objection, plaintiff relies on the doctrine of implied waiver of the attorney-client privilege and on the

contention that the legal opinions of defendant's patent counsel, Fred Lockwood, constitute business advice and are not entitled to the protection of the attorney-client privilege.

## DISCUSSION

Magistrate Judge Bobrick's order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Seventh Circuit has explained the standard as follows:

> The district court's view of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: 'The district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'

Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. (Citations omitted).

In this case, whether plaintiff engaged in inequitable conduct before the U.S. Patent & Trademark Office ("PTO") depends on the truth and materiality of the representations which plaintiff and his attorney made to the PTO during the prosecution of the '820 patent. Defendant's assertion that plaintiff committed intentional fraud on defendant by submitting bogus drawings to defendant in lieu of the drawings which he actually filed with the PTO does not waive, expressly or impliedly, defendant's attorney-client privilege with respect to the legal opinions prepared by defendant's patent counsel.

For implied waiver to occur, "a party must affirmatively try to use the privileged communication to defend itself or attack its opponent." *Trustmark Ins. Co. v. General &*

2

*Cologne*, 2000WL 189858 (N.D. Ill. Dec. 20, 2000). In this case, as Magistrate Judge Bobrick noted:

> There is no implied waiver of the attorney-client privilege in this case because the communications will not find their way into the litigation. The defendant Adjustable does not at all represent that it is going to use the communications between it and his lawyer in these proceedings in any way, shape or form to substantiate its affirmative defenses.

For these reasons, we find that the Magistrate Judge was correct in his finding that the defendant has not impliedly waived its attorney-client privilege.

Moreover, there is no evidence to suggest that attorney Lockwood's advice was business advice rather than legal advice. Lockwood's opinions are protected by the attorney-client privilege. They provide legal advice based on his review and study of a legal document in response to defendant's request for that legal advice. Plaintiff has offered no evidence to the contrary. While it is true that solely personal or business advice is not protected by the attorney-client privilege, legal advice relating to business matters clearly is. As the Court stated in *Weeks v. Samsung Heavy Industries, Ltd.*, 1996 WL 288511 at * 2 (N.D. Ill. May 30, 1996):

> The case law is clear that the attorney-client privilege is not vitiated simply because the attorney has weighed business considerations in rendering legal advice. Courts have utilized the following test to distinguish legal from nonlegal advice: [A] matter committed to a professional legal adviser is prima facie so committed for the sake of legal advice . . . and is therefore within the privilege unless it appears to be lacking in aspects requiring legal advice.

For these reasons, we find that Magistrate Judge Bobrick's ruling rejecting plaintiff's "business advice" argument is correct.

## CONCLUSION

For the foregoing reasons, we deny plaintiff's objection to Magistrate Judge Bobrick's November 13, 2002 order which denied plaintiff's motion to compel production of patent documents.

/ Wayne R. Andersen
United States District Judge

Dated: June 3, 2003

4