IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK MARUSIAK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01 C 6181 ) ) Wayne R. Andersen |
| ADJUSTABLE CLAMP CO., Defendants. | ) District Judge ) ) ) |

## MEMORANDUM, OPINION AND ORDER

Before the Court is the motion of Adjustable Clamp Company ("Adjustable") for summary judgment on the marketing claims of Frank Marusiak, the plaintiff.

## BACKGROUND

Frank Marusiak invented and patented a unique clamp, which he assigned to Adjustable to manufacture, market, and sell. At first, Marusiak was happy to do business with Adjustable. Marusiak contacted the company and eventually entered into a contractual relationship making Adjustable the exclusive manufacturer of his patented clamp. The relationship between Adjustable and Marusiak soured over the years; first Adjustable exercised its rights to terminate the contract, then Marusiak filed the instant suit.

This case was the subject of cross-motions for summary judgment, which have already been considered and ruled upon by the Court. In our prior ruling, we denied Marusiak's motion for summary judgment in its entirety and granted Adjustable's motion for summary judgment, except as it related to Marusiak's claims that Adjustable breached its contractual obligation to proceed in "good faith" to "extend the business of marketing" Marusiak's invention "as rapidly and fully as practicable." We rejected Adjustable's argument that the terms were too indefinite to be enforced

under Illinois law. However, we allowed Adjustable to file a second motion for summary judgment submitting additional evidence on the meaning of this contractual language, as well as the efforts it made to fulfill its marketing obligations. Marusiak's invention and the facts leading to the instant dispute are discussed more fully in the Court's earlier decision.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment may only be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We will not weigh conflicting facts or make credibility determinations at this stage in the litigation. *See Morfin v. City of East Chicago*, 349 F.3d 989, 999 (7th Cir. 2003), *quoting Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir.2003) ("On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a fact finder.") and *Black v. Lane*, 824 F.2d 561, 562 (7th Cir.1987) ("Credibility normally cannot be determined by summary judgment."). "When a contract is the subject of a summary judgment motion, 'the appropriateness of summary judgment will turn on the clarity of the contract terms under scrutiny.' " *Old Republic Ins. Co. v. Federal Crop Ins. Corp.*, 947 F.2d 269, 274 (7th Cir.1991).

## DISCUSSION

As we set forth in our earlier decision in this case, contract interpretation is often solely an issue of law for the Court to resolve. *Houben v. Telular*, 231 F.3d 1066, 1072 (7th Cir. 2000). Under Illinois law, which applies in this case, courts must construe a contract to effectuate the intent of the parties at the time the contract was entered into, and such intent must be determined from the plain and ordinary meaning of the language of the contract unless it is ambiguous. *Shaffer v. Liberty Life Assur. Co. of Boston*, 746 N.E. 2d 285, 288 (Ill.App. Ct. 2001). "If the language of the contract

unambiguously provides an answer to the question at hand, the inquiry is over" and the court will construe the contract according to its terms. *Moore v. Washington*, 796 F.Supp. 300, 302 (N.D. Ill. 1992). If, on the other hand, the contract term is ambiguous, a court will look to extrinsic evidence in determining the parties' intent. *Installco Inc. v. Whiting Corp.*, 36 Ill.App.3d 776 (Ill.App.Crt. 2002).

We previously decided Adjustable's contractual promise to proceed in "good faith" to "extend the business of marketing" Marusiak's invention "as rapidly and fully as practicable" is ambiguous. Beyond being the law of the case, neither party has suggested a clear, unambiguous meaning for this term. We look next to extrinsic evidence.

Generally speaking, "[u]nder Illinois law a genuine issue of material fact exists in contract cases when a key provision of a contract is ambiguous, requiring admission of extrinsic evidence." *Thomas v. Pearle Vision, Inc.* 251 F.3d 1132, 1136 (7th Cir. 2001). In *Continental Casualty Co. et al. v. Northwestern Natl Ins Co.*, the Seventh Circuit upheld summary judgment, stressing that an exception to the general rule that questions of ambiguity and extrinsic evidence are questions for the trier of fact exists when "the extrinsic evidence bearing on the interpretation is undisputed, and summary judgment is therefore appropriate." 427 F.3d 1038, 1041 (7th Cir. 2005), quotations omitted. In doing so, the *Continental Casualty* Court stressed that "if a reasonable jury could not find for [the non-moving] party even when all reasonable inferences are drawn from the undisputed extrinsic evidence, summary judgment is appropriate." *Id.* Summary Judgment is never appropriate when "there is tension between [extrinsic evidence] and the words of a contract, or if for any other reason the meaning of the contract remains uncertain even after the extrinsic evidence is presented." *Confold Pacific, Inc. v. Polaris Industries, Inc.*, 433 F.3d 952, 956 (7th Cir. 2006) (citing analogous Wisconsin law).

3

Adjustable points to several pieces of evidence it claims preclude any reasonable inference that it breached its contractual duties. Marusiak asks us to consider evidence that gives rise to an inference that the contract term creates a relatively high burden, which Adjustable failed to meet. We start with an analysis of the extrinsic evidence leading up to the execution of the contract and then move on to the measures Adjustable took to meet its contractual obligations.

Prior to execution of the contract there is no question that a stricter "best efforts" provision was rejected by Adjustable. There is also no dispute that Marusiak wrote to Adjustable and claimed:

> Unlike most new products, which require substantial investment in research and development, retooling and marketing, my design would require virtually none. Your company already has in place all the necessary manufacturing, marketing and distribution resources needed to begin producing and selling this new tool.

In the end, the parties accepted the provision that Adjustable would proceed in "good faith" to "extend the business of marketing" his invention "as rapidly and fully as practicable."

Adjustable claims this language shows that it agreed on a very low marketing obligation, one that it could almost never fail to meet. However, Adjustable's interpretation is contradicted by the express language "as rapidly and fully as practicable," even as qualified by the "good faith" requirement. A reasonable inference is that the parties, having reached an impasse over the "best efforts" provision, agreed to a somewhat lesser "good faith" provision. As part of this compromise, the "as rapidly and fully as practical" language was included to give the provision greater meaning. These assumptions could set the bar for Adjustable's actions relatively high, although not as high as Marusiak first requested. We do not necessarily agree with Marusiak that all of these assumptions are justified, but we must draw all reasonable inferences in his favor.

Adjustable asserts that it undertook a relatively robust marketing campaign for Marusiak's invention, including print advertisements, special packaging, and placement in Tru Value and Ace

hardware stores. Marusiak, on the other hand, claims Adjustable never had any intention of properly marketing his invention, much less of doing so "as rapidly and fully as practicable." Marusiak contends Adjustable only purchased the rights to his invention to ensure that the invention did not decrease sales of its other products. After gaining the rights to the invention, Marusiak alleges Adjustable purposely made the invention too expensive to compete in the market, despite the fact the invention could be made for much less. Marusiak supports his contention by pointing to a company that wanted to aggressively market his invention, but could not even get Adjustable to return its phone calls. Since we must draw all reasonable inferences in Marusiak's favor, he has presented enough evidence to survive summary judgement.

## CONCLUSION

For the reasons stated above, Adjustable's motion for summary judgment on the marketing claims [302] is denied.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: August 31, 2006